UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jeffrey Alan Scofield, | Case No. 2:25-cv-07866-BHH-MGB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| State of South Carolina, | |
| Defendant. | |

Jeffrey Alan Scofield ("Plaintiff"), a state pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this civil action challenging his arrest for stalking pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed without leave to amend.

## BACKGROUND

Plaintiff is currently being detained at the Sheriff Al Cannon Detention Center on a stalking charge pending before the Charleston County Court of General Sessions.[1] (*See* Dkt. No. 1 at 4, referencing S.C. Code § 16-3-1700.) More specifically, Plaintiff claims that he was arrested on July 12, 2024, by the City of Charleston Police Department after his boyfriend's mother filed a complaint about certain communications she received from Plaintiff, including messages sent to

---

[1] The undersigned takes judicial notice of the records filed in Plaintiff's underlying state criminal proceedings. *See* https://www.sccourts.org/case-records-search/ (limiting search to Charleston County, Case No. 2024A1011300032 ) (last visited July 23, 2025); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Tisdale v. South Carolina Highway Patrol*, No. 0:09-cv-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd,* 347 F. App'x 965 (4th Cir. Aug. 27, 2009) (noting that the court may also take judicial notice of factual information located in postings on government websites).

her work email and posters left on her front porch. (*Id.* at 7–8.) According to the Complaint, she did not approve of her son's relationship with Plaintiff, so she eventually prohibited her son from using his phone and leaving their home. (*Id.* at 7.) Plaintiff then left posters on her front porch to "express[ ] how unfair [he] felt [her behavior] was" and "get under her skin." (*Id.* at 7–8.) The posters displayed phrases like, "Be a parent not a warden," "Let us love so we don't hate," "Let him live set him free," "Is this a home or a prison," and "B*tch of the month." (*Id.* at 7.)

After learning that his boyfriend's mother had contacted the police about these posters, Plaintiff called the City of Charleston Police Department to convey his willingness to "discuss the situation." (*Id.* at 8.) He went in for an interview on July 12, 2024, where he had the opportunity to explain the context of his communications to the police. The investigator apparently informed Plaintiff that his posters had made his boyfriend's mother "scared and fearful," and ultimately arrested Plaintiff at the conclusion of the interview. (*Id.*)

Plaintiff now brings the instant civil action pursuant to 42 U.S.C. § 1983, alleging that "the City of Charleston Police Department and the State of South Carolina brought the charge of stalking against [him] in violation of [his] 1st and 14th Amendment rights based on the standards of the U.S. Supreme Court set for 'true threats' cases in *Counterman v. Colorado* (143 S. Ct. 2016) and the due process standard delivered in *Elonis v. United States* (135 S. Ct. 2001)." (Dkt. No. 1 at 9.) He asks that the Court "dismiss" his pending criminal charge and "release [him] from jail." (*Id.* at 10.) This is the extent of Plaintiff's Complaint.

## **STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). The Complaint has been filed pursuant to

28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under

3

any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

As stated above, the Complaint alleges a violation of Plaintiff's First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 based on the United States Supreme Court's decisions in *Counterman v. Colorado*, 600 U.S. 66, 72 (2023), which held that the First Amendment requires "the State [to] prove in true-threats cases that the defendant had some understanding of his statements' threatening character," and *Elonis v. United States*, 575 U.S. 723 (2015), which held that 18 U.S.C. § 875(C)'s "mental state requirement is satisfied if the defendant transmits a communication for the purpose of issuing a threat or with knowledge that the

4

communication will be viewed as a threat." For the reasons discussed below, the undersigned finds that Plaintiff's claims are subject to summary dismissal.

A civil action under 42 U.S.C. § 1983 "creates a private right of action to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim to relief under § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). At the outset, "[i]t is well settled that the State of South Carolina is not considered a 'person' subject to suit" for purposes of § 1983. *See Henry v. Warden of Greenville Cnty. Det. Ctr.*, No. 8:22-cv-4380-RMG-JDA, 2023 WL 2541891, at *7 (D.S.C. Jan. 5, 2023), *adopted*, 2023 WL 2540448 (D.S.C. Mar. 16, 2023), *aff'd*, No. 23-6339, 2023 WL 3676791 (4th Cir. May 26, 2023); *see also Ackbar v. South Carolina*, No. 4:17-cv-1019-RMG-TER, 2017 WL 2348460, at *2 (D.S.C. May 17, 2017), *adopted*, 2017 WL 2364302 (D.S.C. May 30, 2017). Accordingly, Plaintiff has failed to name a defendant amenable to suit under § 1983.[2]

---

[2] The undersigned notes that to the extent Plaintiff also intended to name the City of Charleston Police Department as a defendant, courts have routinely held that "inanimate objects such as buildings, facilities, and grounds" do not qualify as "persons" amenable to suit under § 1983. *Glenn v. Walters*, No. 7:18-cv-275-HMH-KFM, 2018 WL 2122895, at *4 (D.S.C. Apr. 13, 2018), *adopted*, 2018 WL 2118025 (D.S.C. May 8, 2018). Because the police department is "a facility, building, or group of people," it does not constitute a person for purposes of § 1983, regardless of whether Plaintiff refers to the physical building or the staff and collection of officials it houses. *Madison v. Shell*, No. 7:22-cv-3549-TMC-JDA, 2022 WL 17156885, at *3 (D.S.C. Nov. 3, 2022), *adopted*, 2022 WL 17128451 (D.S.C. Nov. 22, 2022); *see also Miller v. Rock Hill Police Dep't*, No. 2:09-cv-737-JFA-RSC, 2009 WL 1160181, at *3 (D.S.C. Apr. 29, 2009), *aff'd*, 333 F. App'x 703 (4th Cir. 2009) (explaining that whether a plaintiff uses the term "police department" in an attempt "to name the building where police officers work or to name the police department staff as a whole," in either instance, "such an entity is not a 'person' amenable to suit under [§ 1983]"); *Elder v. Hayden Fam.*, No. 9:22-cv-1666-TMC-MHC, 2022 WL 18674842, at *3 (D.S.C. Oct. 21, 2022), *adopted*, 2023 WL 1971974 (D.S.C. Feb. 13, 2023) (collecting cases).

It is also worth noting that insofar as the City of Charleston Police Department is somehow considered a municipal entity, the Complaint still fails to state an actionable claim to relief under § 1983 because, while it is true that a municipality or local government unit may be considered a "person" under § 1983, such entities are liable only where the deprivation of a constitutional right is "caused by action taken 'pursuant to official municipal policy of some nature. . . .'" *Pembaur v. City of Cincinnati*, 475 U.S. 469, 471 (1986) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). "[A] municipality cannot be held liable solely because it employs a

Nevertheless, even if Plaintiff had named a defendant amenable to suit under § 1983, his claims are barred under the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. *See id.* at 43–44; *see also Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *See Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

In the instant case, the first criterion is met because Plaintiff's criminal proceedings are clearly ongoing. The second criterion is also met, as the Supreme Court has explained that "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the third criterion is satisfied because Plaintiff can raise his claims regarding his subjective understanding of the potentially threatening communications in his pending criminal proceedings. *Gilliam*, 75 F.3d at 904 (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for

---

tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Here, the Complaint does not allege or suggest that the investigator acted pursuant to a municipal policy or practice in arresting Plaintiff and therefore fails to demonstrate municipal liability.

vindication of federal constitutional rights") (referencing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Because Plaintiff's case meets all three criteria for abstention under *Younger*, federal relief is available under § 1983 only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987).

Plaintiff's Complaint does not reflect the type of extreme misconduct or extraordinary circumstances that would warrant federal interference in a pending state criminal case. While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a plaintiff's constitutional rights without pretrial intervention; thus, where a threat to the plaintiff's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *See Askins v. Dir. of Florence Cty. Det. Ctr.*, No. 9:20-cv-2846-DCC-MHC, 2020 WL 7001015, at *2 (D.S.C. Sept. 3, 2020) (referencing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)), *adopted*, 2020 WL 6110960 (D.S.C. Oct. 16, 2020). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Id.*; *see also Victoria v. Bodiford*, No. 8:21-cv-1836-JMC, 2021 WL 3726707, at *2 (D.S.C. Aug. 20, 2021) ("If Petitioner has the opportunity to raise his constitutional arguments within the state court proceedings and appeal adverse determinations within the state court system, this court is bound by *Younger* to abstain from granting Petitioner the relief he requests."). Here, Plaintiff has apparently been appointed defense counsel and can raise his claims in his underlying criminal case. Accordingly, Plaintiff cannot demonstrate "special circumstances," or show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief. The undersigned therefore finds that Plaintiff is precluded from federal relief at this time.

Plaintiff's specific request for relief—the dismissal of his criminal charge and release from the detention center—is unavailable under § 1983 in any event. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (explaining a challenge to the duration of confinement is within the core of habeas corpus). Thus, Plaintiff's Complaint does not state an actionable claim to relief under § 1983.

## CONCLUSION

In light of the foregoing, the undersigned is of the opinion that Plaintiff cannot cure the defects identified above by amending his Complaint. *See Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993). The undersigned therefore **RECOMMENDS** that the Court decline to give Plaintiff leave to amend his Complaint and **DISMISS** this action against Defendant without prejudice at this time.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 31, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).